

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00202-CV

IN RE TERRY BLANKENSHIP, RELATOR

September 3, 2013

## ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

**Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.**

Pending before the court is the "application for writ of mandamus to compel defendants to answer prior motions for discovery and written discovery pursuant to Texas Rules of Civil Procedure" filed by Terry Blankenship, relator. We deny the application.

First, Texas Government Code § 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to writs necessary to enforce the jurisdiction of the court of appeals and writs against specified district or county court judges in the court of appeals' district. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). Consequently, unless necessary to enforce our jurisdiction, we have no jurisdiction to issue a writ of mandamus against individual parties. *See Id.* § 22.221(b). Furthermore, relator has

not shown how pursuing discovery in a trial court proceeding that has been dismissed affects this court's jurisdiction.

Next, relator has not filed a record or an appendix with his petition. In an original mandamus proceeding, the petition must be accompanied by a certified or sworn copy of every document that is material to a relator's claim for relief and that was filed in any underlying proceeding. *See* TEX. R. APP. P. 52.7(a)(1). Furthermore, a relator's burden on mandamus includes meeting the requirement that "[e]very statement of fact in the petition [is] supported by citation to competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(g). In short, a relator must supply a record sufficient to establish the right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992). Relator has not done so and we are therefore unable to determine whether he is entitled to mandamus relief.

Accordingly, we deny the application for a writ of mandamus.


Per Curiam